UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARIO WILLIAMS, SR.**                         **CIVIL ACTION**

**VERSUS**                                      **CASE NO. 17-6111**

**PROGRESSIVE SPECIALTY INSURANCE**             **SECTION: "G"(2)**
**COMPANY, et al.**

# ORDER

On May 18, 2017, Plaintiff Mario Williams, Sr. ("Plaintiff") filed a Petition for Damages in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for injuries sustained during a motor vehicle accident with Defendant Phonsavanh Oudom ("Oudom") while Oudom was in the course of his employment for Defendant Irvington Seafood, Inc. ("Irvington").[1] Defendant Progressive Specialty Insurance Company ("Progressive") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon review of Plaintiff's Petition for Damages and Defendant's Notice of Removal, the Court found that it was not facially apparent that the amount in controversy in this matter exceeded $75,000 at the time of removal.[3] Therefore, the Court ordered Progressive to submit evidence regarding the amount in controversy at the time of removal.[4] Having considered the evidence submitted and the briefing of the parties, for the reasons that follow the Court concludes that Progressive has not established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of

---

[1] Rec. Doc. 1–2 at 1.

[2] Rec. Doc. 1 at 3–4.

[3] Rec. Doc. 8.

[4] *Id.* at 4–5.

removal. Accordingly, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

Plaintiff alleges that on July 27, 2016, he was injured in a motor vehicle accident when Defendant Oudom negligently struck the rear passenger side of Plaintiff's vehicle, which forced Plaintiff off the road and caused him to crash.[5] Plaintiff alleges that Oudom was driving a vehicle owned by his employer, Irvington, and insured by Progressive.[6] Plaintiff seeks damages for physical pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, property damage, and lost wages and earning capacity.[7]

Plaintiff initially filed suit against Defendants in the 34th Judicial District Court for the Parish of St. Bernard on May 18, 2017.[8] On June 23, 2017, Progressive filed a Notice of Removal in this Court, asserting that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.[9] On June 28, 2017, this Court ordered Progressive to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal of this case.[10] As such,

---

[5] Rec. Doc. 1–2 at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.* at 1.

[9] Rec. Doc. 1 at 4.

[10] Rec. Doc. 8.

Progressive filed a responsive memorandum on July 7, 2017.[11] Progressive also filed supplemental memoranda with leave of Court on July 11, 2017,[12] and on July 14, 2017.[13]

## II. Parties' Arguments

### A. *Progressive's Notice of Removal*

In its Notice of Removal, Progressive argues that diversity jurisdiction in this case exists pursuant to 28 U.S.C. § 1332.[14] According to Progressive, Plaintiff is a citizen of Louisiana, Oudom is a citizen of Alabama, Irvington is an Alabama corporation with its principle place of business in Alabama, and Progressive is an Ohio corporation with its principal place of business in Ohio.[15]

Further, Progressive avers that the amount in controversy in this matter exceeds $75,000.[16] According to Progressive, Plaintiff received chiropractic treatment from July 29, 2016, to September 6, 2016, for alleged injuries to his neck, left shoulder, and back.[17] Progressive asserts that Plaintiff underwent an MRI on August 25, 2016, which allegedly showed a torn rotator cuff, and that Plaintiff had surgery performed on his left shoulder on March 10, 2017.[18] Progressive

---

[11] Rec. Doc. 9.

[12] Rec. Doc. 13

[13] Rec. Doc. 15-2.

[14] Rec. Doc. 1 at 3.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.*

[18] *Id.*

asserts that to date, Plaintiff's medical expenses for the aforementioned treatments total $34,726.[19] Thus, Progressive argues that the amount in controversy requirement is met.[20]

B.     *Progressive's Memorandum on Amount in Controversy*

In Progressive's memorandum on amount in controversy, Progressive argues that Plaintiff's alleged injuries and subsequent medical treatment show that the amount in controversy in this matter exceeds $75,000.[21] First, Progressive points out that Plaintiff had incurred $34,726 in medical expenses.[22] In particular, Progressive avers that the medical records show that Plaintiff was initially seen at Shoemaker Chiropractic, complaining of severe and constant neck pain, moderate constant back pain, and constant left arm pain allegedly as a result of the accident.[23] According to Progressive, on August 17, 2016, Plaintiff was diagnosed by a doctor at Shoemaker Chiropractic "with severe left arm pain, as well as cervical and lumber strains/sprains," and that it was recommended that he continue treatment at Shoemaker Chiropractic until September 6, 2016.[24]

Progressive avers that on August 25, 2016, Plaintiff underwent an MRI on his left shoulder.[25] According to Progressive, this resulted in a diagnosis of tendinosis, a torn bicep, a torn

---

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 9 at 1–2.

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

labrum, mild-to-moderate osteoarthritis, and other physical ailments.[26] As a result, Progressive also points out that Plaintiff underwent arthroscopic surgery on his left shoulder on March 10, 2017.[27] In sum, Progressive asserts that Plaintiff's alleged medical expenses from numerous visits to medical providers total $34,726.[28]

Additionally, Progressive points to several Louisiana state court cases with general damage awards for allegedly similar left shoulder injuries ranging from $23,000 to $55,000.[29] Progressive argues that "the range of a general damage awards, taken together with the medical specials in the amount of $34,726," show that the amount in controversy in this case exceeds $75,000.[30]

Finally, Progressive asserts that it submitted a Request for Admission to Plaintiff on June 29, 2017, that requested that Plaintiff admit that the amount in controversy in this case exceeded $75,000 at the time of removal on June 23, 2017.[31] However, Progressive noted that it had not yet received Plaintiff's answer to its Request for Admission by the time it filed its memorandum on amount in controversy by the Court's July 7, 2017 deadline.[32] Progressive represents that it will file a supplemental memorandum with Plaintiff's response to the Request for Admission once Progressive receives it.[33]

---

[26] *Id.* at 5.

[27] *Id.* at 3–6.

[28] *Id.* at 7.

[29] *Id.* at 7–8 (citing *Angelle v. Delery*, 2-0644 (La. App. 5th Cir. 11/26/02); 833 So.2d 469; *Davis v. Vosbein*, 12-626 (La. App. 5th Cir. 5/16/13); 119 So.3d 100; *Kennedy v. WalMart Stores, Inc.*, 98-270 (La. App. 3rd Cir. 6/17/98); 715 So.2d 593, *rev'd on other grounds*, (La. 4/13/99); 733 So.2d 1188; *Peoples v. Fred's Stores of Tennessee*, 9-1270 (La. App. 3rd 6/2/10); 38 So.3d 1209; *Blackwell v. Bossier Parish School Board*, 32,383 (La. App. 2nd Cir. 12/8/99); 747 So.2d 1248.

[30] *Id.* at 8.

[31] *Id.* at 2.

[32] *Id.* at 2.

[33] *Id.*

C. *Progressive's First Supplemental Memorandum on Amount in Controversy*

In Progressive's July 12, 2017 supplemental memorandum, Progressive avers that it received additional medical records from Plaintiff concerning Plaintiff's treatment following his shoulder surgery that were incurred before the case was removed on June 23, 2017.[34] According to Progressive, in Plaintiff's post-operation meeting with his doctor, he complained of left shoulder pain and was prescribed pain medication.[35] Progressive points out that Plaintiff underwent a left shoulder x-ray which demonstrated that his shoulder was healing, and was instructed to undergo physical therapy.[36] Progressive also points out that Plaintiff was seen by a doctor again on April 10, 2017, and June 13, 2017, for his continued shoulder pain, for which he was prescribed additional pain medicine and instructed to continue to undergo physical therapy.[37] According to Progressive, Plaintiff has not provided Progressive with any of the physical therapy records from Bridges Physical Therapy nor any updated medical bills since his March 2017 surgery.[38]

D. *Progressive's Second Supplemental Memorandum on Amount in Controversy*

In Progressive's second supplemental memorandum filed with leave of Court on July 17, 2017, Progressive avers that on July 13, 2017, it received Plaintiff's answer to Progressive's Request for Admission regarding the amount in controversy at the time of this action's removal from state court.[39] According to Progressive, Plaintiff "[a]dmitted[]" that "the amount in controversy in this matter exceeded $75,000 as of June 23, 2017, the date this matter was removed

---

[34] Rec. Doc. 14 at 1.

[35] *Id.* at 2.

[36] *Id.*

[37] *Id.* at 2–3.

[38] *Id.* at 3.

[39] Rec. Doc. 18 at 1.

to Federal Court."[40] Progressive cites to *Cook v. Wabash National Trailer Centers, Inc.*, a decision by another district judge in the Eastern District of Louisiana, and contends that Plaintiff's admission satisfies Progressive's burden to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of this action's removal from state court.[41]

## II. Law and Analysis

### A. *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[42] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[43] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[44] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[45] Subject matter jurisdiction cannot be waived by the parties' conduct or consent.[46] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[47]

---

[40] *Id.* at 1–2.

[41] *Id.* at 2–3 (citing *Cook v. Wabash Nat'l Trailer Ctrs., Inc.*, No. 3-955, 2003 WL 21488125, at *1-2 (E.D. La. June 20, 2003)).

[42] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[43] 28 U.S.C. § 1332(a)(1).

[44] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[45] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[46] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[47] 28 U.S.C. § 1447(c).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[48] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[49] A removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[50] When the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith."[51] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[52]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[53] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[54] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that

---

[48] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[49] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[50] *See Allen*, 63 F.3d at 1335.

[51] *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[52] *Id*.

[53] *See* La. Code Civ. P. art. 893.

[54] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

support a finding of the requisite amount."[55] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeded $75,000.[56]

## B.    *Analysis*

In its memoranda on amount in controversy, Progressive first contends that the nature of Plaintiff's injuries and the $34,726 in medical costs allegedly incurred by Plaintiff establish that the amount in controversy exceeded $75,000 at the time of removal.[57] However, Progressive merely restates the same information provided in its Notice of Removal with little additional evidence regarding Plaintiff's injuries or medical expenses. As the Court noted in its June 28, 2017 Order requiring Progressive to submit further evidence on the amount in controversy in this case, the information contained in Progressive's Notice of Removal and Plaintiff's Petition for Damages, without more, is insufficient to establish that the amount in controversy in this matter exceeds $75,000.[58] Progressive has not produced additional evidence of the costs of any treatment outside of the $34,726 in medical expenses already incurred.[59] Moreover, Progressive has not provided any new evidence regarding the value of Plaintiff's other alleged damages, such as future medical damages, loss of earning capacity, property damages, and mental and physical pain and

---

[55] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[56] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[57] *See* Rec. Doc. 9.

[58] Rec. Doc. 8 at 3–4 (the Court finding that it cannot determine if the amount in controversy requirement is met from the information provided in the Petition and the Notice of Removal, *e.g.*, that Plaintiff incurred $34,726 in medical expenses for his medical treatment at Shoemaker Chiropractic, MRI, and left shoulder arthroscopy).

[59] *Id.*

suffering.[60] Progressive also cites to Louisiana state court cases awarding damages for shoulder injuries ranging from $23,000 to $55,000.[61] However, other damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists.[62] Regardless, damages awards ranging from $23,000 to $55,000 do not establish an amount in controversy in excess of $75,000.

Additionally, Progressive points out that on July 13, 2017, after this case was removed to this Court and one week after the Court's deadline to submit summary-judgment-type evidence,[63] Plaintiff responded to Progressive's Request for Admission and admitted that the amount in controversy in this matter exceeded $75,000 on June 23, 2017.[64] As a general matter, it is well-established that subject matter jurisdiction is determined on the jurisdictional facts that exist at the time of removal.[65] Nonetheless, the Fifth Circuit has held that "post-removal affidavits *may be considered* in determining the amount in controversy at the time of removal" when "the basis for jurisdiction is ambiguous at the time of removal."[66] However, while such evidence may be considered, Progressive has not pointed to any binding Fifth Circuit precedent, nor has the Court

---

[60] *Id.*

[61] Rec. Doc. 9 at 7–8.

[62] *See Silva v. Hartford Ins. Co. of the Midwest*, No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) (Brown. J.) (noting that pointing to other cases with "highly individualized facts different from the facts at issue here" and other damages awards based on "the entire record after trial" is insufficient to establish that, based on the jurisdictional facts that exist at the time of removal, subject matter jurisdiction exists).

[63] Rec. Doc. 8.

[64] Rec. Doc. 18 at 1–2.

[65] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[66] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (emphasis added); *see Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014) (Brown, J.).

found any, which stands for the proposition that a post-removal discovery response conclusively determines that the amount in controversy at the time of removal exceeded $75,000. Rather, district courts in the Fifth Circuit regularly conclude that post-removal stipulations and affidavits are not dispositive on the amount in controversy question.[67] Indeed, the Fifth Circuit has made clear that a plaintiff's post-removal stipulation that the amount in controversy is less than $75,000 typically does not divest a district court of its jurisdiction once it is established.[68] Likewise, the Fifth Circuit has determined that parties may not stipulate or consent to federal subject jurisdiction after the case is removed.[69] It is well-established that "[c]onclusional allegations are insufficient to establish jurisdiction,"[70] and any ambiguities or doubts as to whether removal jurisdiction is proper should be resolved against a finding of jurisdiction and in favor of remand.[71] Here, the Court finds that Plaintiff's simple post-removal discovery response to Progressive's Request for Admission is insufficient, without more information, to establish the amount in controversy requirement is met at the time of removal.[72]

---

[67] *See, e.g.*, *Ingram v. Glob. Hawk Ins. Co.*, No. 14-0777, 2014 WL 2739459, at *4 (E.D. La. June 17, 2014) (Berrigan, J.) (finding that the plaintiff's equivocal response to the defendant's request for admission was insufficient to establish that the amount in controversy requirement was met); *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (Fallon, J.) (noting that a refusal to stipulate that a plaintiff was seeking less than $75,000 "is not dispositive of the amount in controversy . . . [and] is only one factor to consider in determining whether a removing party has met its burden, the weight of which is questionable when it comes after removal"); *Hingle v. Scottsdale Ins. Co.*, No. 08-5079, 2009 WL 361140, at *1 (E.D. La. Feb. 11, 2009) (Vance, J.) (finding that denying "for lack of information" a request for admission that the amount in controversy did not exceed $75,000 was insufficient to establish amount in controversy); *Hall v. Foremost Ins. Grp.*, No. 08-4065, 2008 WL 4507822, at *2 (E.D. La. Oct. 2, 2008) (Lemmon, J.) (finding that the defendant had not shown that the amount in controversy requirement was met, and that the plaintiff's response to the defendant's request for admission that her damages were not below $75,000 "does not change this result").

[68] *Gebbia*, 233 F.3d at 883.

[69] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[70] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

[71] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[72] *See, e.g.*, *Trahan*, 2011 WL 2470982, at *5 (noting that the weight of a refusal to stipulate is "questionable when it comes after removal"). The Court further notes that Progressive's reliance on *Cook v. Wabash National Trailer Centers, Inc.*, a non-binding case in the Eastern District of Louisiana, is unpersuasive here. Rec. Doc. 18 at 1–2 (citing

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[73] Here, however, the damages in this case are too speculative for the Court to find by a preponderance of the evidence that the amount in controversy requirement is satisfied. To demonstrate that the amount in controversy requirement is met, Progressive "must do more than merely show that plaintiff could recover more than the jurisdictional amount."[74] The Fifth Circuit has explained "a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[75] Considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, the Court finds that Progressive has not shown by a preponderance of the evidence that the amount in controversy requirement is met. Therefore, the Court hereby remands this case to state court.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Progressive has put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000. Accordingly,

---

*Cook v. Wabash Nat. Trailer Centers, Inc.*, No. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003) (Porteous, J.)). In particular, the Court notes that the cases relied on by the *Cook* court do not stand for the proposition that a post-removal discovery response such as Plaintiff's conclusively establishes that the amount in controversy requirement is met. *See Nelson v. Nationwide Mutual Ins. Co.*, 192 F. Supp. 2d 617, 620 (E.D. La. 2001) (considering plaintiff's detailed response to the defendant's interrogatories, which stated that plaintiff was seeking $29,258 in past and future medical expenses and $250,000 in general damages, and noting that the plaintiff's answers "are helpful in clarifying an ambiguous petition"); *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *1 (E.D. La. Oct. 18, 2000) (finding that the "number and severity of the plaintiff's injuries" showed that the amount in controversy exceeded $75,000, and that the plaintiff's refusal to stipulate that her damages did not exceed $75,000 was simply additional evidence that "suggested" the amount in controversy requirement was met).

[73] *Gebbia*, 233 F.3d at 882; *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[74] *Silva*, 2016 WL 4501288, at *5; *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar*, 47 F.3d at 1411).

[75] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this 31st day of July, 2017.

                                                     **NANNETTE JOLIVETTE BROWN**
                                                   **UNITED STATES DISTRICT JUDGE**